IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: CARTER                       :        No. 3:26cv930
                                    :
            Plaintiff               :        (Judge Munley)
                                    :
                                    :
                                    :
                                    :
                                    :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

This is a pro se civil action, initiated upon the filing of a letter by plaintiff Booker Leon Carter ("Carter"), an inmate confined at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"). (Doc. 1). Carter seeks to proceed in forma pauperis. (Doc. 7). His initiating document is presently before the court for preliminary screening. For the reasons set forth below, the court will grant the motion to proceed in forma pauperis and dismiss the letter/complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.      Allegations of the Letter/Complaint

Carter's handwritten letter is somewhat difficult to follow and appears to assert civil rights claims pursuant to 42 U.S.C. § 1983, alluding to his dissatisfaction with various events at SCI-Huntingdon. (Doc. 1).

Carter alleges that he was assaulted by another inmate and was placed in protective custody after the incident. (Id. at 3-4). He complains about the

conditions of confinement in protective custody.  (Id.).  Carter also alleges that he injured his biceps and lower back when lifting heavy objects.  (Id. at 4-5).

Carter has not identified any defendants in this action.  (See Doc. 1).

Carter asserts that he has "a million problems and [he] feel[s] they should pay [him]."  (Doc. 1, at 5).  Specifically, he seeks monetary relief in the amount of $1,400,000.  (Id. at 6).

## II.    Legal Standard

The court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915A(b), 28 U.S.C. § 1915(e)(2), or 42 U.S.C. § 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Brodzki v. Tribune Co., 481 F. App'x 705, 706 (3d Cir. 2012) (per curiam); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

2

In deciding a Rule 12(b)(6) motion to dismiss, the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Second, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Finally, once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 556 (2007)); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## III.    Discussion

### A.    Federal Rule of Civil Procedure 3

Pursuant to Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court." Carter failed to comply with this rule. Instead, he filed a letter with the court. (See Doc. 1). Although Rule 3 instructs that a suit is commenced by filing a complaint with the court, and Carter failed to do so, the court will nonetheless consider Carter's filing.

### B.    42 U.S.C. § 1983

Carter appears to have filed this action pursuant to the provisions of Section 1983. (Doc. 1). That statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

4

<u>See</u> 42 U.S.C. § 1983.  Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States."  <u>Shuman v. Penn Manor School Dist.</u>, 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted).  Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right."  <u>Id.</u> (citation omitted).

In order to set forth a viable civil rights claim, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences giving rise to the assertion of constitutional misconduct.  <u>See</u> <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988).

Ultimately, the court concludes that Carter's Section 1983 action fails to satisfy Rule 8 of the Federal Rules of Civil Procedure.  Rule 8 sets forth the general rules of pleading, and it requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2).  This short and plain statement must give the defendant fair notice of what the plaintiff's claims are and the grounds upon which those claims rest.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007).  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief[; it] has to show such

an entitlement with its facts." <u>Fowler</u>, 578 F.3d at 211 (citation and internal quotation marks omitted). Under the pleading standard of Rule 8, "[t]he Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." <u>Evancho</u>, 423 F.3d at 353 (citation omitted).

Carter's allegations fail to meet this basic pleading standard. He has not identified a single individual alleged to have violated his constitutional rights, he does not set forth the harm that each individual allegedly caused him, or how each individual's conduct caused him such harm. Accordingly, because Carter's letter/complaint does not provide fair notice of the grounds upon which his claim rests, the court concludes that his letter/complaint does not satisfy Rule 8 of the Federal Rules of Civil Procedure. <u>See</u> <u>Garrett v. Wexford Health</u>, 938 F.3d 69, 93 (3d Cir. 2019) (stating that, "[n]aturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8" (citations and internal quotation marks omitted)).

## IV.    <u>Conclusion</u>

The court will dismiss the letter/complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Because it is conceivable that Carter may be able to overcome the deficiencies noted herein, the court will grant Carter leave to move to reopen this

case and to file an amended complaint.[1]  See Grayson v. Mayview State Hosp.,

293 F.3d 103, 114 (3d Cir. 2002).

An appropriate order shall issue.

Date: April ____, 2026

_____
JUDGE JULIA K. MUNLEY
United States District Court

---

[1]  If Carter chooses to file an amended complaint, he is advised that it must be a new pleading that stands by itself without reference to the original letter/complaint or any other document already filed.  The amended complaint shall set forth Carter's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Finally, Carter is cautioned that neither conclusory allegations nor broad allegations will set forth a cognizable claim.